| | |
|---|---|
| 1 | K. Greg Peterson, Esq. (SBN: 118287) |
| 2 | K. GREG PETERSON, A PROFESSIONAL LAW CORPORATION |
|   | 455 Capitol Mall, Suite 325 |
| 3 | Sacramento, California 95814 |
|   | Telephone: (916) 443-3010 |
| 4 | Facsimile: (916) 492-2680 |
|   | Email: greg@kgregpeterson.com |
| 5 | |
| 6 | Attorney for Plaintiffs EL MACERO PARTNERS, LLC, a California limited liability company, and FAIR PLAZA II, LTD., a California limited partnership |


K. Greg Peterson, Esq. (SBN: 118287)
K. GREG PETERSON, A PROFESSIONAL LAW CORPORATION
455 Capitol Mall, Suite 325
Sacramento, California 95814
Telephone: (916) 443-3010
Facsimile: (916) 492-2680
Email: greg@kgregpeterson.com

Attorney for Plaintiffs EL MACERO PARTNERS, LLC, a California limited liability company, and FAIR PLAZA II, LTD., a California limited partnership

Diane G. Kindermann Henderson, Esq. (SBN 144426)
Glen C. Hansen (SBN 166923)
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone: (916) 456-9595
Facsimile: (916) 456-9599
Email: dkindermann@aklandlaw.com
Email: ghansen@aklandlaw.com

Attorneys for Defendants BYONG HYON SON, MYONG HEE SON and
EL MACERO CLEANERS, INC., a California corporation

Brett H. Oberst, Esq. (SBN: 196219)
DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
Telephone: (310) 557-9100
Facsimile: (310) 557-5101
Email: boberst@dollamir.com

Attorneys for Defendant AMERICAN GENERAL LIFE INSURANCE
Company, a Texas corporation

Edward R. Hugo, Esq. (SBN: 124839)
Hugo Parker, LLP
240 Stockton Street, Floor 8
San Francisco, CA 94108-5325
Telephone: (415) 808-0300
Facsimile: (415) 808-0333
Email: ehugo@hugoparker.com

Attorney for TIG Group, on behalf of Defendant ESTATE OF
WILLIAM R. SUTTON, DECEASED, sued herein pursuant to
California Probate Code sections 550 through 555



Kenneth R. Stone, Esq. (SBN: 67717)
HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Facsimile: (916) 925-1127
Email: kstone@hsmlaw.com

Attorneys for DAWNA F. SUTTON, Individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, As Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; and TROUBLEFREE, LLC, a California limited liability company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| EL MACERO PARTNERS, LLC, et al., | ) | Case No.: 2:18-cv-01090-MCE-DB |
|---|---|---|
| Plaintiffs, | ) ) ) | STIPULATION AND REQUEST FOR LEAVE OF COURT FOR (1) 180-DAY STAY OF DISCOVERY, (2) 180-DAY STAY OF THE TIME FOR FILING CROSSCLAIMS AND/OR COUNTERCLAIMS, AND (3) MODIFICATION OF THE MAY 1, 2018 INITIAL PRETRIAL SCHEDULING ORDER, AND ORDER |
| v. | ) ) | |
| ESTATE OF WILLIAM R. SUTTON, et al., | ) ) | |
| Defendants. | ) ) ) ) | |

The Parties hereto, by and through their attorneys of record, hereby stipulate to the following facts in support of a joint request for a 180-day stay of non-expert and expert discovery, a 180-day extension of the time within which these Parties shall have to file crossclaims and/or counterclaims; and modification of the Court's May 1, 2018 Initial Pretrial Scheduling Order (the "Scheduling Order"), as follows:



I. **PARTIES AND THEIR COUNSEL**.

  A. Plaintiffs El Macero Partners, LLC, a California limited liability company, and Fair Plaza II, Ltd., a California limited partnership, are represented by K. Greg Peterson, Esq., a Professional Law Corporation;

  B. TIG Group ("TIG") on behalf of Defendant ESTATE OF WILLIAM R. SUTTON, DECEASED, sued herein pursuant to California Probate Code sections 550 through 555, is represented by Edward R. Hugo, Esq., Hugo Parker, LLP, and TIG's response to the Complaint is due August 13, 2018;

  C. Defendants DAWNA F. SUTTON; individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, as Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; CAL-WEST SUTTON, a California general partnership, and TROUBLEFREE, LLC, a California limited liability company, are represented by Kenneth R. Stone, Esq., Hefner, Stark & Marois, and said Defendants' responses to the Complaint are due August 2, 2018;

  D. Defendant AMERICAN GENERAL LIFE INSURANCE COMPANY ("AGI"), a Texas corporation, alleged successor-in-interest to CALIFORNIA-WESTERN STATES LIFE INSURANCE COMPANY, a merged-out California corporation, is represented by Brett Oberst, Esq., Doll Amir & Eley, and AGI's response to the Complaint is due August 20, 2018;

  E. Defendants BYONG HYON SON and MYONG HEE SON, individually and doing business as EL MACERO CLEANERS and Defendant EL MACERO CLEANERS, INC. a California corporation, are represented by Diane Kindermann, Esq. & Glen Hansen, Esq., Abbott & Kindermann, Inc., and Mr. and Mrs. Son's and El Macero Cleaner's, Inc.'s responses to the Complaint are due August 10, 2018; and

-3-
STIPULATION & REQUEST FOR LEAVE OF COURT FOR (1) 180-DAY STAY OF DISCOVERY, (2) 180-DAY STAY OF THE TIME FOR FILING CROSSCLAIMS AND/OR COUNTERCLAIMS, & (3) MODIFICATION OF THE 5/1/2018 INITIAL PRETRIAL SCHEDULING ORDER, AND ORDER

KGP
K.GREG PETERSON
A PROFESSIONAL LAW CORPORATION

F.	Defendant CHANG SIK CHOI was personally served with the Summons and Complaint in this matter on May 9, 2018, but did not enter an appearance. Said Defendant's default was entered by the Clerk of the Court on June 14, 2018;

G.	Plaintiffs have been unable to locate a personal representative for Defendant ESTATE OF SANG-EUI SIM, DECEASED or insurance carrier(s) for Mr. Sim, but Plaintiffs are continuing in their efforts to do so.[1]

II.	SHOWING OF GOOD CAUSE:

A.	Plaintiffs have commenced an investigation of the PCE contamination at the Site and have incurred and will continue to incur response costs related to such investigation and remediation of the contamination. However, the full extent of Plaintiffs' damages is not presently known. Plaintiffs' environmental consultant believes that in six months he will have sufficient information in hand from on-going field work to provide a reliable estimate of the anticipated full cost of the investigation and cleanup of the Site.

B.	Pending the receipt of such information and its adequacy in terms of providing a reliable basis for Plaintiffs to estimate their damages, the Parties hereto have met and conferred pursuant to FRCP, rule 26(f), regarding their discovery plan and have expressed a willingness to reserve certain of their discovery rights while discussing the possibility of an informal resolution of this matter in an effort to preserve judicial resources and avoid incurring further and possibly unnecessary litigation costs.

III.	STIPULATION

NOW, THEREFORE, it is hereby stipulated by and between the Parties hereto, by and through their respective counsel, that, subject to the Court's approval:

1.	There shall be a 180-day stay of all non-expert written discovery, including interrogatories, requests for admission and, except as stated hereinbelow, document

---

[1] Sentry Insurance on behalf of Defendant ESTATE OF WOLFGANG J. HEINE, DECEASED, sued herein pursuant to Probate Code sections 550 through 555, is represented by Ilya A. Kosten, Esq., Barbanel & Treuer, P.C., and Sentry's response to the Complaint is due August 29, 2018.  Sentry is not a signatory to this stipulation.



requests; all Party and third-party depositions; all expert witness discovery, including expert witness disclosure, exchange of reports and the taking of expert depositions;

    2.    This Stipulation notwithstanding, during the above-described 180-day period, the Plaintiffs and each Defendant shall exchange any information and documents pursuant to FRCP, rule 26(a)(1), within 14 days from and after the filing of this Stipulation, and the Parties shall be allowed to serve third-party subpoenas for production of business records;

    3.    There shall be a 180-day extension of the date for responding to the complaint, including bringing crossclaims and/or counterclaims by all Parties, and any responses, crossclaims, and/or counterclaims shall be served and filed within 14 days following the expiration of the 180-day extension period;

    4.    There shall be a 180-day extension of the date for completion of all non-expert discovery, which date runs 365 days from the April 30, 2018 opening of the case, as stated in the Court's Scheduling Order. This extension shall have the effect of *also extending* all other dates in the Scheduling Order including, but not limited to, designation of expert witnesses, exchanging of written reports and supplemental designations of expert witnesses, filing of dispositive motions, and filing of a Joint Notice of Trial Readiness; and

    5.    All of the foregoing dates shall be calculated from and after the date of the Court's order approving this Stipulation.

    IT IS SO STIPULATED.

Dated: August 20, 2018    K. GREG PETERSON, a
    Professional Law Corporation

    By:  /s/_____
        K. Greg Peterson, Esq.
    Attorney for EL MACERO PARTNERS, LLC, a
    California limited liability company, and FAIR PLAZA II,
    LTD., a California limited partnership

| | | |
|---|---|---|
| Dated: August 20, 2018 | | ABBOTT & KINDERMANN, INC. |

By: /s/ Diane G. Kindermann Henderson
(as authorized on 08/17/2018)
Diane G. Kindermann Henderson, Esq.
Attorneys for Defendants BYONG HYON SON, MYONG HEE SON and EL MACERO CLEANERS, INC., a California corporation

Dated: August 20, 2018          DOLL AMIR & ELEY

By: /s/ Brett H. Oberst (as authorized on 08/16/2018)
Brett H. Oberst, Esq.
Attorneys for Defendant AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas corporation

Dated: August 20, 2018          HEFNER STARK & MAROIS

By: /s/ Kenneth R. Stone (as authorized on 08/15/2018)
Kenneth R. Stone, Esq.
Attorneys for DAWNA F. SUTTON, Individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, As Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; and TROUBLEFREE, LLC, a California limited liability company

Dated: August 20, 2018          HUGO PARKER, LLP

By: /s/ Edward R. Hugo (as authorized on 08/17/2018)
Edward R. Hugo, Esq.
Attorney for TIG Group, on behalf of Defendant ESTATE OF WILLIAM R. SUTTON, DECEASED, sued herein pursuant to California Probate Code sections 550 through 555



## **ORDER**

The Court, having received, read, and considered the stipulation of the Parties, and good cause appearing as required by Federal Rules of Civil Procedure, rule 16(b)(4), hereby adopts the stipulation of the Parties in its entirety as its order, as follows:

1. There shall be a 180-day stay of all non-expert written discovery, including interrogatories, requests for admission and, except as stated hereinbelow, document requests; all Party and third-party depositions; all expert witness discovery, including expert witness disclosure, exchange of reports and the taking of expert depositions;

2. This Stipulation notwithstanding, during the above-described 180-day period, the Plaintiffs and each Defendant shall exchange any information and documents pursuant to FRCP, rule 26(a)(1), within 14 days from and after the filing of this Stipulation, and the Parties shall be allowed to serve third-party subpoenas for production of business records;

3. There shall be a 180-day extension of the date for responding to the complaint, including bringing crossclaims and/or counterclaims by all Parties, and any responses, crossclaims, and/or counterclaims shall be served and filed within 14 days following the expiration of the 180-day extension period;

4. There shall be a 180-day extension of the date for completion of all non-expert discovery, which date runs 365 days from the April 30, 2018 opening of the case, as stated in the Court's Scheduling Order. This extension shall have the effect of *also extending* all other dates in the Scheduling Order including, but not limited to, designation of expert witnesses, exchanging of written reports and supplemental designations of expert witnesses, filing of dispositive motions, and filing of a Joint Notice of Trial Readiness; and

///
///
///
///



5. All of the foregoing dates shall be calculated from and after the date of the Court's order approving this Stipulation.

IT IS SO ORDERED.

Dated: August 24, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE