K. Greg Peterson, Esq. (SBN: 118287)
K. GREG PETERSON, A PROFESSIONAL LAW CORPORATION
455 Capitol Mall, Suite 325
Sacramento, California 95814
Telephone: (916) 443-3010
Facsimile: (916) 492-2680
Email: greg@kgregpeterson.com

Attorney for Plaintiffs EL MACERO PARTNERS, LLC, a California limited liability company, and FAIR PLAZA II, LTD., a California limited partnership

Diane G. Kindermann Henderson, Esq. (SBN 144426)
Glen C. Hansen (SBN 166923)
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone: (916) 456-9595
Facsimile: (916) 456-9599
Email: dkindermann@aklandlaw.com
Email: ghansen@aklandlaw.com

Attorneys for Defendants BYONG HYON SON, MYONG HEE SON and EL MACERO CLEANERS, INC., a California corporation

Brett H. Oberst, Esq. (SBN: 196219)
DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
Telephone: (310) 557-9100
Facsimile: (310) 557-5101
Email: boberst@dollamir.com

Attorneys for Defendant AMERICAN GENERAL LIFE INSURANCE Company, a Texas corporation

Edward R. Hugo, Esq. (SBN: 124839)
Hugo Parker, LLP
240 Stockton Street, Floor 8
San Francisco, CA 94108-5325
Telephone: (415) 808-0300
Facsimile: (415) 808-0333
Email: ehugo@hugoparker.com

Attorney for TIG Group, on behalf of Defendant ESTATE OF WILLIAM R. SUTTON, DECEASED, sued herein pursuant to California Probate Code sections 550 through 555

-1-
STIPULATION & REQUEST FOR LEAVE OF COURT TO EXTEND THE AUGUST 24, 2018 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS AND FOR AN ADDITIONAL 180 DAYS AND FOR MODIFICATION OF THE COURT'S AUGUST 24, 2018 ORDER AND ORDER



Kenneth R. Stone, Esq. (SBN: 67717)
HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Facsimile: (916) 925-1127
Email: kstone@hsmlaw.com

Attorneys for DAWNA F. SUTTON, Individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, As Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; and TROUBLEFREE, LLC, a California limited liability company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL MACERO PARTNERS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ESTATE OF WILLIAM R. SUTTON, et al., <br><br> Defendants. | Case No.: 2:18-cv-01090-MCE-DB <br><br> STIPULATION AND REQUEST FOR LEAVE OF COURT TO EXTEND THE AUGUST 24, 2018 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS FOR AN ADDITIONAL 180 DAYS AND FOR MODIFICATION OF THE COURT'S AUGUST 24, 2018 ORDER; AND ORDER |

The Parties hereto, by and through their attorneys of record, hereby stipulate to the following facts in support of a joint request for leave of Court to extend for an additional 180 days the deadlines set forth in the Court's August 24, 2018 Order regarding discovery and time for filing answers, crossclaims and/or counterclaims and for modification of the Court's August 24, 2018 Order as follows:



-2-
STIPULATION & REQUEST FOR LEAVE OF COURT TO EXTEND THE AUGUST 24, 2018 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS AND FOR AN ADDITIONAL180 DAYS AND FOR MODIFICATION OF THE COURT'S AUGUST 24, 2018 ORDER AND ORDER

I. <u>STATUS OF THE ACTION</u>;

    A. Plaintiffs EL MACERO PARTNERS, LLC, a California limited liability company, and FAIR PLAZA II, LTD., a California limited partnership, filed their Complaint herein on or about April 3, 2018. Thereafter, on or about August 21, 2018, Plaintiffs filed their First Amended Complaint ("FAC"), adding Defendant B.C. TILE II, INC. DBA COTTONWOOD CLEANERS AND EL MACERO CLEANERS ("B.C. Tile II, Inc.");

    B. Defendants AMERICAN GENERAL, the alleged successor-in-interest to California-Western States Life Insurance Company, and TIG Group, on behalf of Defendant the ESTATE OF WILLIAM R. SUTTON, Deceased, have filed their answers to the original Complaint, but have yet to file a response to the FAC, in accordance with the Court's August 24, 2018 Order. Those Defendants' responses were due to be filed on or before March 6, 2019.

    C. Defendants DAWNA F. SUTTON; individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, as Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; CAL-WEST SUTTON, a California general partnership, and TROUBLEFREE, LLC, a California limited liability company (the "Sutton-Related Defendants"), have filed Answers to Plaintiffs' original Complaint and to Plaintiffs' FAC;

    D. Defendants BYONG HYON SON and MYONG HEE SON, individually and doing business as EL MACERO CLEANERS and Defendant EL MACERO CLEANERS, INC. a California corporation (the "El Macero, Inc.-Related Defendants") have filed their Answers to Plaintiff's original Complaint and to Plaintiffs' FAC; and

    F. Defendant CHANG SIK CHOI was personally served with the Summons and Complaint in this matter on May 9, 2018, but did not enter an appearance. Said

KGP
K. GREG PETERSON
A PROFESSIONAL LAW CORPORATION

Defendant's default was entered by the Clerk of the Court on June 14, 2018. Plaintiffs have arranged for service of the Summons and First Amended Complaint on Mr. Choi;

G. The FAC was personally served on Heidi Bertero, corporate secretary for B. C. Tile II, Inc. on September 26, 2018. The corporation failed to file an answer or otherwise respond to the FAC, and its default was entered by the Clerk of the Court on December 4, 2018.

H. Plaintiffs have been unable to locate a personal representative for Defendant ESTATE OF SANG-EUI SIM, DECEASED or insurance carrier(s) for Mr. Sim, but Plaintiffs are continuing in their efforts to do so.

I. Plaintiffs are informed and believe that Defendants Wolfgang Heine and B. C. Tile II, Inc. were insured by Nationwide Insurance Company during the 1985-1986 period. Therefore, Nationwide Insurance Company, in its capacity as insurer for Defendants The Estate of Wolfgang J. Heine and B.C. Tile II, Inc., was served with the First Amended Complaint on September 12, 2018, making October 3, the deadline for Nationwide to file its answer or otherwise respond to the FAC. On October 19, 2018, Linda Bondi Morrison of Tressler, LLP, insurance counsel for Nationwide, contacted Plaintiffs' counsel, K. Greg Peterson, and requested that Plaintiffs refrain from seeking Nationwide's default, pending the results of Nationwide's investigation into the existence of the identified insurance policy or policies. Nationwide has discovered an insurance policy bearing the same number as that which Plaintiffs provided to Nationwide that was issued for the 1985-1986 period, but the named insured is allegedly different than B.C. Tile II, Inc. or Mr. Heine, and Nationwide has therefore asked to be dismissed from the lawsuit. Plaintiffs have located the insured named by Nationwide, but prior to making a final decision about dismissing Nationwide, intend to contact that individual and attempt to learn more about the insurance policy and whether there is a connection with B. C. Tile and/or Mr. Heine. In addition, Plaintiffs have also served Nationwide with a Subpoena for Production of Documents requesting all documents relating to the 1985-1986 policy



identified by Nationwide, including, but not limited to, a copy of the policy in question and Nationwide is in the process of responding to the subpoena.

J. Pursuant to the terms of the August 24, 2018 Order, formal discovery to date has been limited to Plaintiffs' service of subpoenas (for production of documents) on Nationwide and on InterWest Insurance Services, an insurance broker for the Sutton-Related Defendants. Documents responsive to the InterWest subpoena were produced on March 1, 2019.

K. None of the Defendants has engaged in any discovery to date.

II. SHOWING OF GOOD CAUSE:

A. Plaintiffs are investigating the PCE contamination at the Site and have incurred and will continue to incur response costs related to such investigation and remediation of the contamination. According to Ijaz Jamall, Ph.D., DABT, of Risk-Based Decisions, Plaintiffs' consultant, construction of the Soil Vapor Recovery System ("SVE System") has only recently been completed because a Yolo-Solano Air Quality Management District ("Air District") permit to construct the SVE system that was applied for in June 2018, was not approved until October 2018. The SVE System was activated in January 2019, and Dr. Jamall believes that the system will need to operate for at least five or six months before he will have sufficient to information in hand from on-going field work to provide a reliable estimate of the anticipated full cost of the investigation and cleanup of the Site.

B. Pending the receipt of such information and its adequacy in terms of providing a reliable basis for Plaintiffs to estimate their damages, the Parties hereto have agreed to reserve certain of their discovery rights while discussing the possibility of resolution of this matter through informal means and/or through the services of an independent, third-party mediator in an effort to preserve judicial resources and avoid incurring further and possibly unnecessary litigation costs.

III. STIPULATION



K.GREG PETERSON
A PROFESSIONAL LAW CORPORATION

NOW, THEREFORE, it is hereby stipulated by and between the Parties hereto, by and through their respective counsel, that, subject to the Court's approval:

1. There shall be a 180-day extension of the existing deadlines set forth in the Court's August 24, 2018 Order in this matter of all non-expert written discovery, including interrogatories, requests for admission and, except as set forth hereinbelow in Paragraph 2, document requests; all Party depositions; all expert witness discovery, including expert witness disclosure, exchange of reports and the taking of expert depositions;

2. During the above-described 180-day extension period, the Parties have agreed that all discovery shall be stayed except that the Parties shall have the ability to subpoena third-party documents. The Parties' ability to take and notice third-party depositions shall be limited to the Plaintiffs' taking of the deposition of an individual named Bill Williams who is believed to have been a long-term employee of William R. Sutton and Dawna F. Sutton, working in the capacity of maintenance man at the El Macero Shopping Center

3. There shall be a 180-day extension of the date for responding to the FAC, including bringing cross-claims and/or counterclaims by all Parties, and any responses, cross-claims, and/or counterclaims shall be served and filed within 14 days following the expiration of the 180-day extension period;

4. There shall be a 180-day extension of the current date for completion of all non-expert discovery, which date is currently calculated as October 28, 2019 (180 days from April 30, 2019, the date originally set in the Court's May 1, 2018 Initial Scheduling Order). This extension shall have the effect of _also extending_ all other dates in the Court's August 24, 2018 Order, including, but not limited to, designation of expert witnesses, exchanging of written reports and supplemental designations of expert witnesses, filing of dispositive motions, and filing of a Joint Notice of Trial Readiness; and

5. All of the foregoing dates shall be calculated from and after the dates extended pursuant to the Court's August 24, 2018 Order, as shown below:

| TASK | EXTENSION | CURRENT DATE | NEW DATE |
|---|---|---|---|



|  |  | **PER 8/24/2018 ORDER** |  |
|---|---|---|---|
| Non-Expert Discovery Completion | 180-day extension from non-expert discovery completion date | 10/28/19 | 4/27/2020 |
| Written Discovery | 180 day stay | 2/20/2019 | 8/29/2019 |
| Expert Disclosure + reports - | 60 days from extended Non-Expert Discovery Completion Date | 12/27/2019 | 6/26/2020 |
| Supplemental Expert Disclosure | 30 days after designation of experts | 1/27/2020 | 7/27/2020 |
| Dispositive Motions - | 180-day extension from non-expert discovery completion date | 4/27/2020 | 10/26/2020 |
| Joint Notice of Trial Readiness – to be filed not later than 30 days after last ruling on a dispositive motion |  |  | TBD based on date of last ruling on a dispositive motion |
| Response to First Amended Complaint, Cross-claims/ Counterclaims - | 180-day stay + 14 days | 3/6/2019 | 9/12/2019 |

IT IS SO STIPULATED.

Dated: April 10, 2019

                              Professional Law Corporation

                              By:/s/ K. Greg Peterson
                                  K. Greg Peterson, Esq.
                              Attorney for EL MACERO PARTNERS, LLC, a California limited liability company, and FAIR PLAZA II, LTD., a California limited partnership

Dated: April 3, 2019        ABBOTT & KINDERMANN, INC.

                              By: /s/ Dianne G. Kindermann (as authorized 4/3/2019
                                  Diane G. Kindermann Henderson, Esq.

STIPULATION & REQUEST FOR LEAVE OF COURT TO EXTEND THE AUGUST 24, 2018 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS AND FOR AN ADDITIONAL 180 DAYS AND FOR MODIFICATION OF THE COURT'S AUGUST 24, 2018 ORDER AND ORDER



Attorneys for Defendants BYONG HYON SON, MYONG HEE SON and EL MACERO CLEANERS, INC., a California corporation

Dated: April 10, 2019                 DOLL AMIR & ELEY


By: /s/ Brett H. Oberst (as authorized 4/10/2019)
      Brett H. Oberst, Esq.
Attorneys for Defendant AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas corporation


Dated: April 1, 2019                  HEFNER STARK & MAROIS


By: /s/ Kenneth R. Stone (as authorized 4/1/2019)
      Kenneth R. Stone, Esq.
Attorneys for DAWNA F. SUTTON, Individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, As Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; and TROUBLEFREE, LLC, a California limited liability company

Dated: April 10, 2019                 HUGO PARKER, LLP


By: /s/ Christina M. Glezakos (as authorized 4/10/19)
      Christina M. Glezakos, Esq.
Attorney for TIG Group, on behalf of Defendant ESTATE OF WILLIAM R. SUTTON, DECEASED, sued herein pursuant to California Probate Code sections 550 through 555



## **ORDER**

The Court, having received, read, and considered the stipulation of the Parties, and good cause appearing as required by Federal Rules of Civil Procedure, rule 16(b)(4), hereby adopts the stipulation of the Parties in its entirety as its order, as follows:

1. There shall be a 180-day extension of the deadlines set forth in this Court's August 24, 2018 Order in this matter of all non-expert written discovery, including interrogatories, requests for admission and, except as set forth hereinbelow in Paragraph 2, document requests; all Party depositions; all expert witness discovery, including expert witness disclosure, exchange of reports and the taking of expert depositions;

2. During the above-described 180-day extension period, the Parties have agreed that all discovery shall be stayed except that the Parties shall have the ability to subpoena third-party documents. The Parties' ability to take and notice third-party depositions shall be limited to the Plaintiffs' taking of the deposition of an individual named Bill Williams who is believed to have been a long-term employee of William R. Sutton and Dawna F. Sutton, working in the capacity of maintenance man at the El Macero Shopping Center

3. There shall be a 180-day extension of the date for responding to the FAC, including bringing cross-claims and/or counterclaims by all Parties, and any responses, cross-claims, and/or counterclaims shall be served and filed within 14 days following the expiration of the 180-day extension period;

4. There shall be a 180-day extension of the current date for completion of all non-expert discovery, which date is currently calculated as October 28, 2019 (180 days from April 30, 2019, the date originally set in the Court's May 1, 2018 Initial Scheduling Order). This extension shall have the effect of *also extending* all other dates in the Court's August 24, 2018 Order, including, but not limited to, designation of expert



witnesses, exchanging of written reports and supplemental designations of expert witnesses, filing of dispositive motions, and filing of a Joint Notice of Trial Readiness; and

5. All of the foregoing dates shall be calculated from and after the dates previously extended pursuant to the Court's August 24, 2018 Order, as shown below:

| TASK | EXTENSION | CURRENT DATE PER 8/24/2018 ORDER | NEW DATE |
|---|---|---|---|
| Non-Expert Discovery Completion | 180-day extension from non-expert discovery completion date | 10/28/19 | 4/27/2020 |
| Written Discovery | 180 day stay | 2/20/2019 | 8/29/2019 |
| Expert Disclosure + reports - | 60 days from extended Non-Expert Discovery Completion Date | 12/27/2019 | 6/26/2020 |
| Supplemental Expert Disclosure | 30 days after designation of experts | 1/27/2020 | 7/27/2020 |
| Dispositive Motions - | 180-day extension from non-expert discovery completion date | 4/27/2020 | 10/26/2020 |
| Joint Notice of Trial Readiness – to be filed not later than 30 days after last ruling on a dispositive motion | | | TBD based on date of last ruling on a dispositive motion |
| Response to First Amended Complaint, Crossclaims/ Counterclaims - | 180-day stay + 14 days | 3/6/2019 | 9/12/2019 |

IT IS SO ORDERED.

Dated: April 15, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

STIPULATION & REQUEST FOR LEAVE OF COURT TO EXTEND THE AUGUST 24, 2018 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS AND FOR AN ADDITIONAL180 DAYS AND FOR MODIFICATION OF THE COURT'S AUGUST 24, 2018 ORDER AND ORDER


K.GREG PETERSON
A PROFESSIONAL LAW CORPORATION