K. Greg Peterson, Esq. (SBN: 118287)
K. GREG PETERSON, A PROFESSIONAL LAW CORPORATION
455 Capitol Mall, Suite 325
Sacramento, California 95814
Telephone: (916) 443-3010
Facsimile: (916) 492-2680
Email: greg@kgregpeterson.com

Attorney for Plaintiffs EL MACERO PARTNERS, LLC, a California limited liability company, and FAIR PLAZA II, LTD., a California limited partnership

Diane G. Kindermann Henderson, Esq. (SBN 144426)
Glen C. Hansen (SBN 166923)
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone: (916) 456-9595
Facsimile: (916) 456-9599
Email: dkindermann@aklandlaw.com
Email: ghansen@aklandlaw.com

Attorneys for Defendants BYONG HYON SON, MYONG HEE SON and EL MACERO CLEANERS, INC., a California corporation

Brett H. Oberst, Esq. (SBN: 196219)
DOLL AMIR & ELEY LLP
725 S. Figueroa Street, Suite 3275
Los Angeles, CA 90017
Telephone: (213) 542-3380
Facsimile: (213) 542-3163
Email: boberst@dollamir.com

Attorneys for Defendant AMERICAN GENERAL LIFE INSURANCE Company, a Texas corporation

Edward R. Hugo, Esq. (SBN: 124839)
Christina M. Glezakos, Esq. (SBN: 229928)
Hugo Parker, LLP
240 Stockton Street, Floor 8
San Francisco, CA 94108-5325
Telephone: (415) 808-0300
Facsimile: (415) 808-0333
Email: ehugo@hugoparker.com

Attorney for TIG Group, on behalf of Defendant ESTATE OF WILLIAM R. SUTTON, DECEASED, sued herein pursuant to California Probate Code sections 550 through 555

-1-



STIPULATION & REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 16, 2019 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS AND FOR AN ADDITIONAL 180 DAYS AND FOR MODIFICATION OF THE COURT'S APRIL 16, 2019 ORDER AND [PROPOSED] ORDER

Kenneth R. Stone, Esq. (SBN: 67717)
HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Facsimile: (916) 925-1127
Email: kstone@hsmlaw.com

Attorneys for DAWNA F. SUTTON, Individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, As Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; and TROUBLEFREE, LLC, a California limited liability company

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL MACERO PARTNERS, LLC, et al., | Case No.: 2:18-cv-01090-MCE-DB |
| Plaintiffs, | STIPULATION AND REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 16, 2019 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS FOR AN ADDITIONAL 180 DAYS AND FOR MODIFICATION OF THE COURT'S APRIL 16, 2019 ORDER; AND ORDER |
| v. | |
| ESTATE OF WILLIAM R. SUTTON, et al., | |
| Defendants. | |

The Parties hereto, by and through their attorneys of record, hereby stipulate to the following facts in support of a joint request for leave of Court to extend for an additional 180 days the deadlines set forth in the Court's April 16, 2019 Order regarding discovery and time for filing answers, crossclaims and/or counterclaims and for modification of the Court's April 16, 2019 Order as follows:



I. **STATUS OF THE ACTION**:

    A.    Plaintiffs EL MACERO PARTNERS, LLC, a California limited liability company, and FAIR PLAZA II, LTD., a California limited partnership, filed their Complaint herein on or about April 3, 2018. Thereafter, on or about August 21, 2018, Plaintiffs filed their First Amended Complaint ("FAC"), adding Defendant B.C. TILE II, INC. DBA COTTONWOOD CLEANERS AND EL MACERO CLEANERS ("B.C. Tile II, Inc.");

    B.    Defendants AMERICAN GENERAL, the alleged successor-in-interest to California-Western States Life Insurance Company, and TIG Group, on behalf of Defendant the ESTATE OF WILLIAM R. SUTTON, Deceased, have filed their answers to the original Complaint, but have yet to file a response to the FAC, in accordance with the Court's April 16, 2019 Order. Those Defendants' responses are currently due to be filed on or before September 12, 2019.

    C.    Defendants DAWNA F. SUTTON; individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, as Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; CAL-WEST SUTTON, a California general partnership, and TROUBLEFREE, LLC, a California limited liability company (the "Sutton-Related Defendants"), have filed Answers to Plaintiffs' original Complaint and to Plaintiffs' FAC;

    D.    Defendants BYONG HYON SON and MYONG HEE SON, individually and doing business as EL MACERO CLEANERS and Defendant EL MACERO CLEANERS, INC. a California corporation (the "El Macero, Inc.-Related Defendants") have filed their Answers to Plaintiff's original Complaint and to Plaintiffs' FAC;

    E.    Defendant CHANG SIK CHOI was personally served with the Summons and Complaint in this matter on May 9, 2018, but did not enter an appearance. Said

KGP
K. GREG PETERSON
A PROFESSIONAL LAW CORPORATION

Defendant's default was entered by the Clerk of the Court on June 14, 2018. Plaintiffs have arranged for service of the Summons and First Amended Complaint on Mr. Choi;

F. The FAC was personally served on Heidi Bertero, corporate secretary for B. C. Tile II, Inc. on September 26, 2018. The corporation failed to file an answer or otherwise respond to the FAC, and its default was entered by the Clerk of the Court on December 4, 2018;

G. Plaintiffs were informed and believed that Defendant B. C. Tile was insured by Nationwide Insurance Company during the 1985-1986 period. However, Plaintiffs are informed and believe that Nationwide conducted a thorough search of its records and was able to discover an insurance policy bearing the same number as that which Plaintiffs provided to Nationwide for the 1985-1986 period, but the named insured was different than B.C. Tile II, Inc. or Mr. Heine. Pursuant to a Subpoena for Production of Documents requesting a copy of the insurance policy, Nationwide provided information that indicated the policy documents had been purged. Plaintiffs were able to contact the named insured, who advised he had no connection with B.C. Tile, Wolfgang Heine or El Macero Cleaners at any time. Hence, Plaintiffs intend to take no further action as far as Nationwide is concerned, and inasmuch as Nationwide is not a named party, do not believe a dismissal or formal release from the litigation is necessary;

H. Plaintiffs have been unable to locate a personal representative for Defendant ESTATE OF SANG-EUI SIM, DECEASED or insurance carrier(s) for Mr. Sim, but Plaintiffs are continuing in their efforts to do so; and

J. Formal discovery to date has been limited to Plaintiffs' service of the Subpoenas (for production of documents) on InterWest Insurance and Nationwide Insurance and the deposition of Bill Williams, an individual formerly employed by the Sutton Defendants as a handyman at the El Macero Shopping Center.

II. SHOWING OF GOOD CAUSE:

A. Plaintiffs are investigating the PCE contamination at the Site and have incurred and will continue to incur response costs related to such investigation and

-4-



1 remediation of the contamination. According to Ijaz Jamall, Ph.D., DABT, of Risk-Based
2 Decisions, Plaintiffs' consultant, construction of the Soil Vapor Recovery System ("SVE
3 System") was not completed until the first quarter of 2019 because of a delay in obtaining
4 construction permit from the Yolo-Solano Air Quality Management District ("Air District").
5 The permit was applied for in June 2018, but was not approved until October 2018, and
6 <u>the SVE System was not activated until January 2019</u>. At that time, however, only three
7 of the six wells were in operation due <u>to the wet winter and high groundwater level</u>, which
8 high groundwater levels <u>prevented the system from being fully operational until mid-</u>
9 <u>August 2019</u>. Thus, at this time there is no significant data to report regarding removal of
10 PCE.
11       B.    Dr. Jamall has consistently stated that the SVE system will need to operate
12 at least five to six months before he will have sufficient data in hand to provide a reliable
13 estimate of the anticipated full cost of the investigation and cleanup of the Site.
14       C.    It was Plaintiffs' initial understanding that the SVE system would begin
15 operating in the summer of 2018 and the necessary data would be available by now, but
16 given the delays associated with obtaining the Air District approvals/permit, coupled with
17 the heavy rainfall and resultant high groundwater levels which resulted in non-operation
18 or partial operation of the SVE system, Dr. Jamall advises that it is likely that the results
19 will not be available until, at the earliest, approximately December of this year.
20       D.    Pending the receipt of such information and its adequacy in terms of
21 providing a reliable basis for Plaintiffs to estimate their damages, the Parties hereto have
22 jointly agreed to reserve certain of their discovery rights, claims and pre-trial law and
23 motion while discussing the possibility of resolution of this matter through informal means
24 and/or through the services of an independent, third-party mediator in an effort to
25 preserve judicial resources and avoid incurring further and possibly unnecessary litigation
26 costs.
27 III.    <u>STIPULATION</u>
28


KGP
K.GREG PETERSON
A PROFESSIONAL LAW CORPORATION

NOW, THEREFORE, it is hereby stipulated by and between the Parties hereto, by and through their respective counsel, that, subject to the Court's approval:

1. There shall be a 180-day extension of the existing deadlines set forth in the Court's April 16, 2019 Order in this matter of all non-expert written discovery, including interrogatories, requests for admission and, except as set forth hereinbelow in Paragraph 2, document requests; all Party depositions; all expert witness discovery, including expert witness disclosure, exchange of reports and the taking of expert depositions;

2. During the above-described 180-day extension period, the Parties shall have the ability to subpoena third-party documents;

3. There shall be a 180-day extension of the date for responding to the FAC, including bringing cross-claims and/or counterclaims by all Parties, and any responses, cross-claims, and/or counterclaims shall be served and filed within 14 days following the expiration of the 180-day extension period;

4. There shall be a 180-day extension of the current date for completion of all non-expert discovery, which date is currently calculated as April 27, 2020 (180 days from October 28, 2019, the date set in the Court's April 16, 2019 Order). This extension shall have the effect of *also extending* all other dates in the Court's April 16, 2019 Order, including, but not limited to, designation of expert witnesses, exchanging of written reports and supplemental designations of expert witnesses, filing of dispositive motions, and filing of a Joint Notice of Trial Readiness; and

5. All of the foregoing dates shall be calculated from and after the dates extended pursuant to the Court's April 16, 2019 Order, as shown below:

| TASK | EXTENSION | CURRENT DATE PER 4/16/2019 ORDER | NEW DATE |
|---|---|---|---|
| Non-Expert Discovery Completion | 180-day extension from non-expert discovery completion date | 4/27/2020 | 10/26/2020 |
| Written Discovery | 180 day stay | 8/29/2019 | 2/25/2020 |

KGP
K.GREG PETERSON
A PROFESSIONAL LAW CORPORATION

| | | | |
|---|---|---|---|
| Expert Disclosure + reports - | 60 days from extended Non-Expert Discovery Completion Date | 6/26/2020 | 12/28/2020 |
| Supplemental Expert Disclosure | 30 days after designation of experts | 7/27/2020 | 1/27/2020 |
| Dispositive Motions - | 180-day extension from non-expert discovery completion date | 10/26/2020 | 4/26/2021 |
| Joint Notice of Trial Readiness – to be filed not later than 30 days after last ruling on a dispositive motion | | | TBD based on date of last ruling on a dispositive motion |
| Response to First Amended Complaint, Cross-claims/ Counterclaims - | 180-day stay + 14 days | 9/12/2019 | 5/10/2021 |

IT IS SO STIPULATED.

Dated: September 16, 2019    K. GREG PETERSON, a
Professional Law Corporation


By: /s/ K. Greg Peterson, Esq.
    K. Greg Peterson, Esq.
Attorney for EL MACERO PARTNERS, LLC, a
California limited liability company, and FAIR PLAZA II,
LTD., a California limited partnership


Dated: August 27, 2019    ABBOTT & KINDERMANN, INC.


By: /s/ Dianne G. Kindermann Henderson (as authorized 8/27/2019)
    Diane G. Kindermann Henderson, Esq.
Attorneys for Defendants BYONG HYON SON,
MYONG HEE SON and EL MACERO CLEANERS,
INC., a California corporation

/ / /

/ / /

-7-

K.GREG PETERSON
A PROFESSIONAL LAW CORPORATION

STIPULATION & REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 16, 2019 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS AND FOR AN ADDITIONAL180 DAYS AND FOR MODIFICATION OF THE COURT'S APRIL 16, 2019 ORDER AND [PROPOSED] ORDER

Dated: September 9, 2019    DOLL AMIR & ELEY

By: /s/ Brett H. Oberst (as authorized 9/9/2019)
    Brett H. Oberst, Esq.
Attorneys for Defendant AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas corporation


Dated: August 27, 2019    HEFNER STARK & MAROIS

By: /s/ Kenneth R. Stone (as authorized 8/27/2019)
    Kenneth R. Stone, Esq.
Attorneys for DAWNA F. SUTTON, Individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, As Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; and TROUBLEFREE, LLC, a California limited liability company


Dated: September 9, 2019    HUGO PARKER, LLP

By: /s/ Christina M. Glezakos (as authorized 9/9/2019)
    Christina M. Glezakos, Esq.
Attorney for TIG Group, on behalf of Defendant ESTATE OF WILLIAM R. SUTTON, DECEASED, sued herein pursuant to California Probate Code sections 550 through 555



# **ORDER**

The Court, having received, read, and considered the stipulation of the Parties, and good cause appearing as required by Federal Rules of Civil Procedure, rule 16(b)(4), hereby adopts the stipulation of the Parties in its entirety as its order, as follows:

1. There shall be a 180-day extension of the deadlines set forth in this Court's April 16, 2019 Order in this matter of all non-expert written discovery, including interrogatories, requests for admission and, except as set forth hereinbelow in Paragraph 2, document requests; all Party depositions; all expert witness discovery, including expert witness disclosure, exchange of reports and the taking of expert depositions;

2. During the above-described 180-day extension period, the Parties shall have the ability to subpoena third-party documents;

3. There shall be a 180-day extension of the date for responding to the FAC, including bringing cross-claims and/or counterclaims by all Parties, and any responses, cross-claims, and/or counterclaims shall be served and filed within 14 days following the expiration of the 180-day extension period;

4. There shall be a 180-day extension of the current date for completion of all non-expert discovery, which date is currently calculated as October 26, 2020 (180 days from April 26, 2019, the date set in the Court's April 16, 2019 Order). This extension shall have the effect of _also extending_ all other dates in the Court's April 16, 2019 Order, including, but not limited to, designation of expert witnesses, exchanging of written reports and supplemental designations of expert witnesses, filing of dispositive motions, and filing of a Joint Notice of Trial Readiness; and

5. All of the foregoing dates shall be calculated from and after the dates previously extended pursuant to the Court's April 16, 2019 Order, as shown below:

/ / /
/ / /
/ / /
/ / /


STIPULATION & REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 16, 2019 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS AND FOR AN ADDITIONAL180 DAYS AND FOR MODIFICATION OF THE COURT'S APRIL 16, 2019 ORDER AND [PROPOSED] ORDER

| TASK | EXTENSION | CURRENT DATE PER 4/16/2019 ORDER | NEW DATE |
|---|---|---|---|
| Non-Expert Discovery Completion | 180-day extension from non-expert discovery completion date | 4/27/2020 | 10/26/2020 |
| Written Discovery | 180 day stay | 8/29/2019 | 2/25/2020 |
| Expert Disclosure + reports - | 60 days from extended Non-Expert Discovery Completion Date | 6/26/2020 | 12/28/2020 |
| Supplemental Expert Disclosure | 30 days after designation of experts | 7/27/2020 | 1/27/2021 |
| Dispositive Motions - | 180-day extension from non-expert discovery completion date | 10/26/2020 | 4/26/2021 |
| Joint Notice of Trial Readiness – to be filed not later than 30 days after last ruling on a dispositive motion | | | TBD based on date of last ruling on a dispositive motion |
| Response to First Amended Complaint, Crossclaims/ Counterclaims - | 180-day stay + 14 days | 9/12/2019 | 5/10/2020 |

IT IS SO ORDERED.

Dated: September 25, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

