K. Greg Peterson, Esq. (SBN: 118287)
K. GREG PETERSON, A PROFESSIONAL LAW CORPORATION
455 Capitol Mall, Suite 325
Sacramento, California 95814
Telephone: (916) 443-3010
Facsimile: (916) 492-2680
Email: greg@kgregpeterson.com

Attorney for Plaintiffs EL MACERO PARTNERS, LLC, a California limited liability company, and FAIR PLAZA II, LTD., a California limited partnership

Diane G. Kindermann Henderson, Esq. (SBN 144426)
Glen C. Hansen (SBN 166923)
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone: (916) 456-9595
Facsimile: (916) 456-9599
Email: dkindermann@aklandlaw.com
Email: ghansen@aklandlaw.com

Attorneys for Defendants BYONG HYON SON, MYONG HEE SON and EL MACERO CLEANERS, INC., a California corporation

Brett H. Oberst, Esq. (SBN: 196219)
DOLL AMIR & ELEY LLP
725 S. Figueroa Street, Suite 3275
Los Angeles, CA 90017
Telephone: (213) 542-3380
Facsimile: (213) 542-3163
Email: boberst@dollamir.com

Attorneys for Defendant AMERICAN GENERAL LIFE INSURANCE Company, a Texas corporation

Edward R. Hugo, Esq. (SBN: 124839)
Christina M. Glezakos, Esq. (SBN: 229928)
Hugo Parker, LLP
240 Stockton Street, Floor 8
San Francisco, CA 94108-5325
Telephone: (415) 808-0300
Facsimile: (415) 808-0333
Email: ehugo@hugoparker.com

Attorney for TIG Group, on behalf of Defendant ESTATE OF WILLIAM R. SUTTON, DECEASED, sued herein pursuant to California Probate Code sections 550 through 555



Kenneth R. Stone, Esq. (SBN: 67717)
HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Facsimile: (916) 925-1127
Email: kstone@hsmlaw.com

Attorneys for DAWNA F. SUTTON, Individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, As Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; and TROUBLEFREE, LLC, a California limited liability company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL MACERO PARTNERS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ESTATE OF WILLIAM R. SUTTON, et al.,<br><br>Defendants. | Case No.: 2:18-cv-01090-MCE-DB<br><br>**STIPULATION AND REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 1, 2020 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS FOR AN ADDITIONAL ONE YEAR PERIOD AND FOR MODIFICATION OF THE COURT'S APRIL 1, 2020 ORDER; AND ORDER** |

The Parties hereto, by and through their attorneys of record, hereby stipulate to the following facts in support of a joint request for leave of Court to extend for an additional one year period the deadlines set forth in the Court's April 1, 2020 Order regarding discovery and time for filing answers, crossclaims and/or counterclaims and for modification of the Court's April 1, 2020 Order as follows:



I. STATUS OF THE ACTION:

A. Plaintiffs EL MACERO PARTNERS, LLC, a California limited liability company, and FAIR PLAZA II, LTD., a California limited partnership, filed their Complaint herein on or about April 3, 2018. Thereafter, on or about August 21, 2018, Plaintiffs filed their First Amended Complaint ("FAC"), adding Defendant B.C. TILE II, INC. DBA COTTONWOOD CLEANERS AND EL MACERO CLEANERS ("B.C. Tile II, Inc.");

B. The following Defendants have filed their Answers to Plaintiffs' FAC:

- DAWNA F. SUTTON; individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, as Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; CAL-WEST SUTTON, a California general partnership, and TROUBLEFREE, LLC, a California limited liability company (the "Sutton-Related Defendants"); and
- BYONG HYON SON and MYONG HEE SON, individually and doing business as EL MACERO CLEANERS and Defendant EL MACERO CLEANERS, INC. a California corporation (the "El Macero, Inc.-Related Defendants");

C. Defendant AMERICAN GENERAL, the alleged successor-in-interest to California-Western States Life Insurance Company, and TIG Group, on behalf of Defendant the ESTATE OF WILLIAM R. SUTTON, Deceased, has yet to file a response to the FAC. In accordance with the Court's April 1, 2020 Order its response is currently due to be filed on or before March 24, 2021.

D. The following Defendants have had defaults entered against them, as indicated:

- The default of Defendant CHANG SIK CHOI was entered by the Clerk of the Court as to the First Amended Complaint on February 28, 2020;
- The default of Defendant B. C. Tile II, Inc. was entered by the Clerk of the Court as to the First Amended Complaint on December 4, 2018;

-3-

STIPULATION AND REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 1, 2020 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS FOR AN ADDITIONAL ONE YEAR PERIOD AND FOR MODIFICATION OF THE COURT'S APRIL 1, 2020 ORDER; AND ORDER

KGP K.GREG PETERSON A PROFESSIONAL LAW CORPORATION

E. Plaintiffs have been unable to locate a personal representative for Defendant ESTATE OF SANG-EUI SIM, DECEASED or insurance carrier(s) for Mr. Sim, but Plaintiffs are continuing in their efforts to do so; and

J. Formal discovery to date has been limited to Plaintiffs' service of the Subpoenas (for production of documents) on InterWest Insurance and Nationwide Insurance and the deposition of Bill Williams, an individual formerly employed by the Sutton Defendants as a handyman at the El Macero Shopping Center.

II. SHOWING OF GOOD CAUSE:

A. In or about April 2017, Plaintiffs commenced an investigation of PCE contamination at the El Macero Cleaners which occupies Suites F and G at the El Macero Shopping Center, a commercial shopping center owned by Plaintiffs, which is located at 417 Mace Boulevard, City of Davis, California (the "Site") and have incurred and will continue to incur response costs related to such investigation and remediation of the contamination. As is set forth below in greater detail, the investigation and remediation has experienced delays and, based on a recent conversation with Dr. Ijaz Jamall of Risk-Based Decisions, Inc. ("RBDI"), Plaintiffs' environmental consultant, RBDI's plan for achieving site cleanup has had to be adjusted to account for the delays.

B. Originally, Dr. Jamall projected that, as an interim remedial measure, a Soil Vapor Extraction ("SVE") system consisting of, among other things, three shallow-screened (SE-1a, 2a and 3a) and three deep-screened SVE wells (SVE 1b, 2b and 3b), would be installed and operational by approximately the summer of 2018 and would operate through the summer of 2020. However, due to an unforeseen delay in obtaining a construction permit from the Yolo County Air District, the system was not activated until January 2019.

C. From and after the January 2019 start up, the SVE system has not been fully operational. During the First, Third and Fourth Quarters 2019, only shallow SVE wells SVE-1a, SVE-2a, and SVE-3a were operational. The remaining wells, SVE-1b, SVE-2b and SVE-3b were off due to the rising water table which covered their well

-4-

STIPULATION AND REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 1, 2020 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS FOR AN ADDITIONAL ONE YEAR PERIOD AND FOR MODIFICATION OF THE COURT'S APRIL 1, 2020 ORDER; AND ORDER

KGP
K.GREG PETERSON
A PROFESSIONAL LAW CORPORATION

screens. In the Second Quarter 2019 the system was off because water table had risen so much that the system would not operate without excessive water production. The SVE system was restarted in August 2019 with SVE-1a, SVE-2a and SVE-3a operating and continued with those three wells through the First Quarter of 2020. The remaining wells, SVE-1b, SVE-2b, and SVE-3b were off due to groundwater flooding their well screens. SVE-1a was turned off at the end of the First Quarter of 2020 as it had only 48 μg/$m^3$ PCE, which is below the current commercial environmental screening level of 67 ug/$m^3$, when tested in January 2020. With the decrease in water levels during the summer of 2020, SVE-2b and SVE-3b were turned on in July. In August 2020, all three deep SVE wells (SVE-1b through SVE-3b) were turned on along with SVE-3a. These remained on until late December 2020 when water levels again rose flooding well screens in the deep wells. SVE-2a and 3a are currently operating.

D. RBDI has recently recommended for approval by the Water Board adding additional vapor extraction wells on the south side of the parking lot to reduce PCE concentrations and has further proposed injecting potassium permanganate into the existing SVE wells in order to break down the PCE near those areas. It is anticipated that the proposed treatment will expedite remediation and move the site to closure, which Dr. Jamall recently opined would now be in late 2022 or early 2023.

E. In view of the much more extended period of delay than the Parties had originally anticipated, the result of which is the absence of meaningful information regarding the extent of Plaintiffs' damages on which to rely for purposes of discussing settlement, much less complete discovery, the Parties hereto have jointly agreed to propose an additional one-year extension of the existing stay, while awaiting reliable numbers discussing the possibility of resolution of this matter through informal means and/or through the services of an independent, third-party mediator in an effort to preserve judicial resources and avoid incurring further and possibly unnecessary litigation costs.

-5-

STIPULATION AND REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 1, 2020 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS FOR AN ADDITIONAL ONE YEAR PERIOD AND FOR MODIFICATION OF THE COURT'S APRIL 1, 2020 ORDER; AND ORDER

KGP
K.GREG PETERSON
A PROFESSIONAL LAW CORPORATION

III. STIPULATION

NOW, THEREFORE, it is hereby stipulated by and between the Parties hereto, by and through their respective counsel, that, subject to the Court's approval:

1. There shall be a one-year extension of the existing deadlines set forth in the Court's April 1, 2020 Order in this matter of all non-expert written discovery, including interrogatories, requests for admission and, except as set forth hereinbelow in Paragraph 2, document requests; all Party depositions; all expert witness discovery, including expert witness disclosure, exchange of reports and the taking of expert depositions;

2. During the above-described one-year extension period, the Parties shall have the ability to subpoena third-party documents;

3. There shall be a one-year extension of the date for responding to the FAC, including bringing cross-claims and/or counterclaims by all Parties, and any responses, cross-claims, and/or counterclaims shall be served and filed within 14 days following the expiration of the one-year extension period;

4. There shall be a one-year extension of the current date for completion of all non-expert discovery, which date is currently calculated as October 26, 2021. This extension shall have the effect of *also extending* all other dates in the Court's April 1, 2020 Order, including, but not limited to, designation of expert witnesses, exchanging of written reports and supplemental designations of expert witnesses, filing of dispositive motions, and filing of a Joint Notice of Trial Readiness; and

5. All of the foregoing dates shall be calculated from and after the dates extended pursuant to the Court's April 1, 2020, as shown below:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



| TASK | EXTENSION | CURRENT DATE PER 4/1/2020 ORDER | NEW DATE |
|---|---|---|---|
| Non-Expert Discovery Completion | One-year extension from non-expert discovery completion date | 10/26/2021 | 10/26/2022 |
| | | | |
| Written Discovery | One -year stay | 2/25/2021 | 2/25/2022 |
| | | | |
| Expert Disclosure + reports | 60 days from extended Non-Expert Discovery Completion Date | 12/28/2021 | 12/26/2022 |
| | | | |
| Supplemental Expert Disclosure | 30 days after designation of experts | 1/27/2022 | 1/25/2003 |
| | | | |
| Dispositive Motions (180 days after close of non-expert discovery) | One-year extension | 4/26/22 | 4/24/2023 |
| | | | |
| Joint Notice of Trial Readiness – to be filed not later than 30 days after last ruling on a dispositive motion | | | TBD based on date of last ruling on a dispositive motion |
| | | | |
| Response to First Amended Complaint, Cross-claims/ Counterclaims | One-year stay + 14 days | 3/11/2021 | 3/11/2022 |

1

IT IS SO STIPULATED.

Dated: March 10, 2021

K. GREG PETERSON, a Professional Law Corporation

By /s/ K. Greg Peterson
K. Greg Peterson, Esq.
Attorney for EL MACERO PARTNERS, LLC, a California limited liability company, and FAIR PLAZA II, LTD., a California limited partnership



Dated: February 25, 2021

ABBOTT & KINDERMANN, INC.

By: /s/ Glen Hansen (as authorized 2/25/2021)
Glen Hansen/Diane G. Kindermann Henderson, Esq.
Attorneys for Defendants BYONG HYON SON, MYONG HEE SON and EL MACERO CLEANERS, INC., a California corporation

Dated: March 9, 2021

DOLL AMIR & ELEY

By: /s/ Brett Oberst (as authorized 3/9/2021)
Brett H. Oberst, Esq.
Attorneys for Defendant AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas corporation

Dated: February 26, 2021

HEFNER STARK & MAROIS

By: /s/ Kenneth R. Stone (as authorized 2/26/2021)
Kenneth R. Stone, Esq.
Attorneys for DAWNA F. SUTTON, Individually and as General Partner of CAL-WEST SUTTON, a California general partnership; DAWNA F. SUTTON, As Successor Trustee of The Sutton Family Revocable Trust Dated October 6, 1997; DAWNA F. SUTTON, as Trustee of The William R. Sutton Bypass Trust; DAWNA F. SUTTON, as Trustee of The Dawna F. Sutton Survivor's Trust; and TROUBLEFREE, LLC, a California limited liability company

Dated: February 26, 2021

HUGO PARKER, LLP

By: /s/ Christina M. Glezakos (as authorized 2/26/2021)
Christina M. Glezakos, Esq.
Attorney for TIG Group, on behalf of Defendant ESTATE OF WILLIAM R. SUTTON, DECEASED, sued herein pursuant to California Probate Code sections 550 through 555



**ORDER**

The Court, having received, read, and considered the stipulation of the Parties, and good cause appearing as required by Federal Rules of Civil Procedure, rule 16(b)(4), hereby adopts the stipulation of the Parties in its entirety as its order, as follows:

1. There shall be a one-year extension of the deadlines set forth in this Court's April 1, 2020 Order in this matter of all non-expert written discovery, including interrogatories, requests for admission and, except as set forth hereinbelow in Paragraph 2, document requests; all Party depositions; all expert witness discovery, including expert witness disclosure, exchange of reports and the taking of expert depositions;

2. During the above-described one-year extension period, the Parties shall have the ability to subpoena third-party documents;

3. There shall be a one-year extension of the date for responding to the FAC, including bringing cross-claims and/or counterclaims by all Parties, and any responses, cross-claims, and/or counterclaims shall be served and filed within 14 days following the expiration of the one-year extension period;

4. There shall be a one-year extension of the current date for completion of all non-expert discovery, which date is currently calculated as October 26, 2021. This extension shall have the effect of *also extending* all other dates in the Court's April 1, 2020 Order, including, but not limited to, designation of expert witnesses, exchanging of written reports and supplemental designations of expert witnesses, filing of dispositive motions, and filing of a Joint Notice of Trial Readiness; and

5. All of the foregoing dates shall be calculated from and after the dates previously extended pursuant to the Court's April 1, 2020 Order, as shown below:

/ / /

/ / /

/ / /

/ / /

/ / /



| TASK | EXTENSION | CURRENT DATE PER 9/26/2019 ORDER | NEW DATE |
|---|---|---|---|
| Non-Expert Discovery Completion | One-year extension from non-expert discovery completion date | 10/26/2021 | **10/26/2022** |
| | | | |
| Written Discovery | One-year stay | 2/25/2021 | **2/25/2022** |
| | | | |
| Expert Disclosure + reports | 60 days from extended Non-Expert Discovery Completion Date | 12/28/2021 | **12/26/2022** |
| | | | |
| Supplemental Expert Disclosure | 30 days after designation of experts | 1/27/2022 | **1/25/2023** |
| | | | |
| Dispositive Motions | One-year extension from non-expert discovery completion date | 4/26/22 | **4/24/2023** |
| | | | |
| Joint Notice of Trial Readiness – to be filed not later than 30 days after last ruling on a dispositive motion | | | **TBD based on date of last ruling on a dispositive motion** |
| | | | |
| Response to First Amended Complaint, Cross-claims/ Counterclaims | One-year stay + 14 days | 3/11/2021 | **3/11/2022** |

**IT IS SO ORDERED**.

Dated: March 10, 2021

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

KGP
K.GREG PETERSON
A PROFESSIONAL LAW CORPORATION

-10-

STIPULATION AND REQUEST FOR LEAVE OF COURT TO EXTEND THE APRIL 1, 2020 STAY OF DISCOVERY AND TIME FOR FILING ANSWERS, CROSS-CLAIMS AND/OR COUNTERCLAIMS FOR AN ADDITIONAL ONE YEAR PERIOD AND FOR MODIFICATION OF THE COURT'S APRIL 1, 2020 ORDER; AND ORDER